UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOSEPH PITTS,<br><br>        Plaintiff,<br><br>    v.<br><br>SOUTHWEST AIRLINES, CO.,<br><br>        Defendant. | Case No. 24-cv-06936-TSH<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 29 |

The parties have a discovery dispute concerning several requests for production. The Court addresses them as follows.

**A.    RFPs Set Two**

Southwest reports that Pitts served his responses to its second set of RFPs after the deadline to do so. Ehlers Decl. ¶ 6. This appears to be confirmed by the RFPs, which are dated May 30, 2025, and the responses, which are dated July 14, 2025. Also, Pitts does not deny this. Accordingly, the Court generally views objections as having been waived, except that the Court will not enforce the waiver as to documents protected by the attorney-client privilege, attorney work product, or privacy.

Southwest discusses three RFPs from Set Two: 73, 74 and 75. The Court **GRANTS** Southwest's motion to compel as to RFPs 73 and 75 and **ORDERS** Pitts to produce responsive documents in his possession, custody or control. As a reminder, "control" means the legal right to obtain documents, even if Pitts does not currently possess them.

The Court will not enforce RFP 74. The time period of the RFP largely precedes Pitts' employment with Southwest, and there is no subject matter limitation in the RFP. This makes it invasive of Pitts' privacy. Accordingly, Southwest's motion to compel is **DENIED** as to RFP 74.

**B.     RFPs Set Three**

Southwest discusses RFPs 78, 88, 90, 92, 93, 94 and 96 in the joint discovery letter brief. Of these, Pitts addresses RFPs 78, 88, 90, 92. The parties also discuss witness statements.

For RFPs 78, 88 and 92, Southwest complains that Pitts produced screenshots rather than documents. The Court agrees this is improper and **ORDERS** Pitts to produce print outs of the documents.

For RFP 90, it does not appear that Pitts opposes the motion to compel. Accordingly, the Court **ORDERS** him to produce responsive documents.

Pitts does not discuss RFPs 93, 94 and 96 in the letter brief, but his RFP responses say that he will produce responsive documents. Accordingly, the Court **ORDERS** him to produce documents responsive to these RFPs.

With respect to witness statements, if these take the form of fully executed declarations, then Pitts is **ORDERED** to produce them because a signed declaration is a statement of facts by the witness, not the opinion of counsel. *See Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 306 (E.D. Mich. 2000) ("[T]he Court questions whether the affidavits themselves are true attorney work product . . . . An affidavit, after all, purports to be a statement of facts within the personal knowledge of the *witness,* and not an expression of the opinion of counsel.") (emphasis original). By contrast, if they are not fully executed declarations but instead statements written by Plaintiff's counsel or summaries of interviews taken by Plaintiff's counsel, they are work product and need not be produced. *See O'Connor v. Boeing North American, Inc.*, 216 F.R.D. 640, 643 (C.D. Cal. 2003).

**IT IS SO ORDERED.**

Dated: October 29, 2025

_____
THOMAS S. HIXSON
United States Magistrate Judge